**OBAYDULLAH, Detainee, Guantanamo Bay and Sami Al Hajj, As Next Friend of Obaydullah, Appellants**

v.

**Barack OBAMA, President of the United States and Chuck Hagel, Appellees.**

**No. 13–5065.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 24, 2014.

Jon B. Eisenberg, Eisenberg & Hancock LLP, Oakland, CA, Lisa Robin Jaskol, Public Counsel Law Center, Los Angeles, CA, Ranjana Natarajan, University of Texas School of Law National Security Clinic, Austin, TX, Cindy Panuco, Esquire, Anne Richardson, Dan Lewis Stormer, Hadsell Stormer Richardson & Renick, LLP, Pasadena, CA, for Appellants.

Benjamin M. Shultz, Matthew M. Collette, Sharon Swingle, U.S. Department of Justice, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, and HENDERSON and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant Obaydullah is a detainee at the United States Naval Station at Guantanamo Bay, Cuba. This court previously affirmed the district court's denial of his petition for a writ of habeas corpus, concluding that the government had lawfully detained him pursuant to its authority under the Authorization for the Use of Military Force (AUMF), on the ground that he was " 'part of' al Qaeda." *Obaydullah v. Obama,* 688 F.3d 784, 797 (D.C.Cir.2012). Contending that new evidence warranted a reconsideration of his case, Obaydullah filed a motion under Federal Rule of Civil Procedure 60(b)(2), which permits a court to "relieve a party . . . from a final judgment" because of "newly discovered evidence." The district court denied the motion. *Obaydullah v. Obama,* 920 F.Supp.2d 14, 15 (D.D.C.2013). We review the court's denial solely for abuse of discretion. *United Mine Workers of Am.1974 Pension v. Pittston Co.,* 984 F.2d 469, 476 (D.C.Cir.1993). We find no abuse of discretion.

Obaydullah points to new evidence in the form of statements by family members that blood found in an automobile outside

his compound in Afghanistan, where he was captured by U.S. forces, resulted from his wife's giving birth in the car—and not, as the government once theorized, from wounded comrades associated with al Qaeda. As the district court explained, however, the blood in the car comprised a minor portion of the evidence that Obaydullah was "part of" al Qaeda. *Obaydullah,* 920 F.Supp.2d at 15. Other evidence included that he was captured in possession of a notebook containing instructions regarding how to detonate remotely controlled explosives, that he had 23 antitank mines and seven plastic mine shells hidden on his property, that he had a long-standing personal and business relationship with at least one al Qaeda operative, and that he repeatedly changed his story about the origin of the mines, the nature of the notebook, and his relationship to the al Qaeda operative. *See id.* at 15–16. It was not an abuse of discretion for the court to conclude that the new evidence regarding the origin of the blood, "even if true, do[es] not undercut the other substantial and reliable evidence against petitioner." *Id.* at 15.

Nor does the new evidence raise questions about the credibility of reports made by a Special Forces staff sergeant who was present at the scene of Obaydullah's capture. Although the new evidence indicates that the blood was not connected to an incident in which bomb cell members were injured when a mine accidentally exploded, the sergeant did not say that the blood was connected, only that it "could have been" connected to that incident. *Obaydullah v. Obama,* 774 F.Supp.2d 34, 37 (D.D.C.2011). If anything, the new evidence supports the sergeant's credibility because it confirms that blood was present where he said it was. *See id.* at 38–39 (noting that in the initial habeas proceeding, Obaydullah denied that there had been an automobile containing blood).

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).